No. 12719

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

JEANETTE R. FAUTSCH,

                Plaintiff and Respondent,

    -vs-

ROMAN A. FAUTSCH,

                Defendant and Appellant.

---

Appeal from:  District Court of the Sixth Judicial District,
               Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

    For Appellant:

        Richard J. Conklin argued, White Sulphur Springs,
        Montana

    For Respondent:

        Huppert and Swindlehurst, Livingston, Montana
        Joseph T. Swindlehurst argued, Livingston, Montana

---

                Submitted:  September 19, 1974

                  Decided:  JAN 24 1975

Filed:   JAN 24 1975

*Thomas J. Kearney*
                        Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal by the husband from the property settlement and division portion of a final judgment of divorce granted the parties in the district court, County of Park, on November 27, 1973.

The parties were married December 3, 1949. The wife was a teacher and continued to teach for approximately three years until 1953, then was out of the profession until 1958. During this time two children were born, a son, age 17 years at the time of the divorce, and a daughter who was killed in a family automobile accident in 1965. The wife has not taught school since the daughter was killed in 1965. The husband is a sawyer for a lumber mill and at the time of the divorce, on a seven day work week, earning $1,000 per month based on an hourly rate. During the marriage the husband worked at odd jobs in addition to his regular employment and both parties contributed their wages to the joint assets under the principal control of the wife.

In 1965 the parties acquired The Sleeping Giant Motel in Livingston, Montana. The purchase price was $30,000 and the balance due at the time of the divorce was $7,348.55. This purchase was made with joint earnings and a loan of $3,000 from the wife's mother. In 1972, the motel grossed $10,056. Based on its earnings, the wife estimated the motel's value at $30,000-$35,000. The husband estimated the value of the motel at $75,000. However, testimony indicates the motel was listed for sale at $100,000. The parties formerly owned a home in Livingston, Montana, which had been sold. At the time of the divorce, there was $6,235.36 owed to the parties from the buyers.

The wife had invested $10,000 in her name only in a business known as Chico Hot Springs and had approximately $1,900 in a savings account. She testified these monies were part of a

settlement from the accident which resulted in the death of their daughter.

The wife contends she was physically unable to teach after 1965 because of injuries and childbearing disabilities, although she has operated the motel from the time it was purchased.

The wife testified that three years before the divorce the husband stopped contributing his checks to the joint accounts of the parties. However, testimony reveals that about this time she broke off the marriage relationship and took up residence alone in a new mobile home she purchased with joint funds, the value of which was never revealed and the title was placed in her name. She also purchased a car with joint funds and placed title in her name. The make and model of the car was not revealed in the proceedings. The husband owns a 1966 Ford pickup. Testimony also indicates this period of time before the divorce could have been closer to two years than three. During this period of time until the hearing on the divorce, she supported herself and son from joint funds and motel earnings.

The testimony is at best confused concerning the parties' savings accounts and checking accounts which were joint accounts. Account #12604 with the Empire Federal Saving and Loan Association, in the name of Jeanette R. & Roman Fautsch, as trustees for Stanley J. Fautsch, their son, was closed on June 30, 1972. The balance at that time was $3,715.51. The wife claims the account was closed, but immediately reopened, thereby eliminating the husband's name from the account. There was, however, no evidence presented to the court verifying the reopening, only a letter from the bank showing that it had been closed. Another savings account, #7136, was closed at Empire Federal Savings and Loan Association, which was in joint tenancy between the parties.

- 3 -

At the time it was closed the balance was $634.84. There was testimony from the wife that there was $1,900 in savings at Empire Federal Savings and Loan Association. Whether account #7136 is the account she is referring to is not made plain from the evidence presented. The husband also claims there is a loan of $4,000 by the wife to a relative from a joint account in a Spokane savings account, in the wife's name.

Testimony also reveals the gross earnings from the motel in 1972 may not be correct, and there is some confusion concerning the original purchase price.

The court awarded both parties a divorce; custody of the minor child was awarded to the mother with $150 per month child support until majority. The wife was awarded the motel subject to its indebtedness. The court ordered the husband to provide hospital and medical care for the child and wife. The husband was awarded the balance due on the house contract in the amount of $6,235.56 and the court also provided that if the wife ever desired to sell the motel the proceeds in excess of $50,000 would be divided equally between the parties.

There is no question the husband did not contribute an equal share or more to the joint assets accumulated during a marriage in excess of 20 years. The court found neither party to be at fault in awarding the decree of divorce. There is no credible evidence to justify an unequal distribution of the assets of the marriage. Only the wife and husband testified before the court. She claims to have been injured bearing his children and in the 1965 accident and this seems to be a basis for preference. Yet, no independent evidence of her condition was produced nor could counsel enlighten this Court in oral argument. Funds are claimed by the wife as a result of the 1965 accident but no substantial or clear evidence was offered to support this assertion. There seems to have been an award for

- 4 -

the wrongful death of the daughter, damages to the son and wife but no evidence of the amounts involved or the husband's interest in these awards.

The testimony is clear that the wife handled the business accounts and assets for the family and she has not met her burden in accounting for them. The evidence in these areas is vague and confusing as well as in conflict. This Court will not disturb findings of the district court where supported and justified by substantial evidence. Judson, Administrator v. Anderson, 118 Mont. 106, 117, 165 P.2d 198. However, this Court cannot affirm a judgment where there is insufficient credible evidence to support it. We therefore affirm that portion of the judgment awarding the parties a divorce and the wife custody of the minor child, but remand for further hearing the property settlement portion of the judgment.

Specifically, a determination must be made of how much money was awarded to the parties for the death of their daughter caused by the 1965 automobile accident; how much of that amount was awarded the parties for a wrongful death action; and how much was awarded to members of the family individually for injuries suffered from the accident, and the husband's share of the wife's award.

Expert medical testimony should be presented to the court demonstrating the exact nature of the wife's medical problem, and the extent of disability caused by these medical problems. There should be expert testimony as to the present value of The Sleeping Giant Motel, the trailer house, and automobile purchased by the wife from joint funds. There should also be some type of record offered to provide an accounting of the motel's income for the past three years.

Finally, there must be a complete disclosure by both

parties of the money each of them have in savings accounts, checking accounts, safety deposit boxes or whatever. All joint assets accumulated during the marriage and their disposition should be revealed to the court.

The judgment of the district court granting the divorce and custody of the minor child is affirmed. The distribution of the property award by the court is reversed and remanded for further hearing not inconsistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices