No. 13680

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

NAZARIA C. MARTINEZ,

Petitioner and Respondent,

-vs-

JOSE MARTINEZ,

Respondent and Appellant.

Appeal from: District Court of the Thirteenth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellant:

Gary E. Wilcox argued, Billings, Montana

For Respondent:

Ernest F. Boschert argued, Billings, Montana

Submitted: December 2, 1977

Decided: JAN 16 1978

Filed: JAN 16 1978

*Thomas J. Kearney*
Clerk

Mr. Chief Justice Paul G. Hatfield delivered the Opinion of the Court.

Appellant appeals from a District Court order of disposition of marital property in a dissolution of marriage action.

In 1945, appellant, Jose Martinez, purchased two lots in Billings, Montana, for a total cost of $350. When appellant married respondent, Nazaria Martinez, in 1955, there apparently was a house on the front portion of the property. After the marriage, the parties in 1957 built another small house on the rear of the lots, appellant furnishing $2,000 and respondent doing the building work. The couple built a garage and in 1962 remodeled and converted it into a small Mexican food cafe. The $1,000 expense of remodeling was initially divided equally between the parties, but respondent testified that she later repaid appellant for his share of renovating the garage. Respondent has operated the restaurant, without assistance from appellant, since about 1964. During the first year of operating the cafe, respondent earned about $2,000. The gross income for the cafe in 1975 was $9,914, and respondent testified that she works seven days a week at the cafe. Respondent also testified that, during the time she and appellant were married, she spent $11,600 of her own funds remodeling the front house and converting it into a duplex.

Appellant worked for a Billings meat packing company for 16 years before becoming disabled in 1959. Appellant is almost totally blind and receives a total of $240 per month from social security and his pension plan at the packing company. Prior to trial, appellant moved to southern California where he resided with his two daughters from a prior marriage.

Respondent, Nazaria Martinez, filed a petition for dissolution of marriage in District Court, Yellowstone County, on August 22, 1975. The case was tried on March 29, 1976. At the

time of trial, the court reporter indicated that, due to his work schedule, he could not report the case at the time set. Counsel for both parties agreed to dispense with a court reporter and waive their right to a record of the trial.

Both parties were 61 years old at the time of the trial. Only appellant and respondent testified at the trial and their sometimes conflicting testimony indicated that they had accumulated the following assets: (1) The aforementioned lots in Billings; (2) the front and back houses and the cafe, all located on the lots; (3) either one or two bank accounts of between $4,200 and $4,300; and (4) real property in Mexico.

After the trial the District Court judge granted the dissolution of marriage and found that the real property in Billings could not be economically partitioned. The judge found that respondent had contributed the far greater portion to the improvement and resultant appreciation in value of the real property and that the small cafe was respondent's only means of support, while appellant had a $240 guaranteed monthly income. The District Court then ordered that respondent receive title to all of the parties' real property, but that she pay appellant $4,000 as the reasonable value of his contribution to the present value of the property. The judge also allowed appellant to retain the approximately $4,300 in the savings account which was in his name.

Subsequent to the time that the judge issued his decree and order, present counsel for appellant was substituted as of record. Because no official transcript of the dissolution hearing was made, counsel reconstructed a "bystander's bill" which the judge certified as a reasonable and accurate transcript of the proceedings. Appellant appeals only the disposition of the property portion of the decree of dissolution.

Appellant raises these issues on appeal:

- 3 -

1. Did the district judge err in not having a court reporter take an official transcript of the proceedings?

2. Was there sufficient evidence to support the district judge's order for division of the marital property?

Although the lack of a court reporter's record makes appeal more difficult, it is not a fatal error. Rule 9(c), M.R. App.Civ.P., provides procedures for making a bystander's bill, as a substitute for the court reporter's transcript of the proceedings, where " * * * no report of the evidence or proceedings at a hearing or trial was made * * *." Appellant voluntarily waived his right to a court reporter at trial and may not on appeal object to the absence of a transcript of the proceedings.

Because the bystander's bill is an acceptable, if not ideal, record, the validity of the property disposition must stand or fall solely on the basis of that record. Our inquiry in this case, therefore, is confined solely to whether there was substantial evidence in the record--the bystander's bill and the exhibits admitted at trial--to support the judge's findings of fact and order of property disposition. Fautsch v. Fautsch (1975), 166 Mont. 98, 102, 530 P.2d 1172.

The trial judge did adequately consider the " * * * duration of the marriage * * *, the age, health, station, occupation, amount and sources of income, vocational skills, employability * * * and needs of each of the parties * * *" as is required by section 48-321, R.C.M. 1947. The record and the judge's findings of fact speak directly to these issues. Before dividing the marital property between a contesting husband and wife in a dissolution of marriage action, based on the above considerations, however, section 48-321 requires the trial judge to consider the " * * * estate, [and] liabilities * * * of each of the parties * * *" and " * * * the increased value of property acquired prior to marriage * * *." There is no evidence in the record (the bystander's bill

- 4 -

or exhibits) as to the value of the Billings property. Although appellant testified that he and respondent owned property in Mexico, no evidence was introduced as to the property's value, and the court made no mention of the Mexican property in its property disposition order. Testimony was conflicting as to the types of bank accounts of the parties and the amount of money in those accounts. Appellant testified that he and respondent had a joint bank account containing about $4,200, while respondent testified that there was a savings account of approximately $4,300 in appellant's name. No bank books or other documents were introduced into evidence to eliminate this inconsistency.

Respondent maintains that the Montana Department of Revenue 1976 appraised value of $10,030, and 1975 assessed value of $3,700 for the parties' Billings property are entitled to judicial notice and support the trial judge's findings and order. Whether or not in retrospect these figures provide an accurate indication of fair market value of the Billings property, however, begs the issue. Section 48-321, R.C.M. 1947, requires the trial judge to consider the property values. Neither the appraised valuation nor the assessed valuation were introduced as evidence at trial; nothing in the judge's findings of fact or conclusions of law show that he ever considered the assessed or appraised value of the land prior to his property disposition order.

Respondent also maintains that the Mexican property is irrelevant to the property disposition because it is of negligible value and because a Montana District Court order is of no effect in Mexico. The record is silent as to the value of the Mexican property. The Mexican property is relevant to a property distribution because, although Montana court orders encumbering or transferring title to Mexican property may be of no legal effect in Mexico, that Mexican property still is of value to the owner,

is part of the owner's estate, will affect the owner's future needs, and therefore must be considered under section 48-321.

This case well illustrates the pitfalls of proceeding to trial without a court reporter, and relying on reconstructing the trial testimony from the collective memories of the attorneys and the trial judge in the form of a bystander's bill. The only evidence in the record in this case was the bystander's bill and three exhibits (two rent receipts and a receipt, signed by appellant, stating that respondent had repaid appellant money which appellant had provided for converting the garage into a cafe). There is no evidence in the bystander's bill or the exhibits to show that the trial judge adequately considered the " * * * estate, (and) liabilities * * * of each of the parties * * *" or " * * * the increased value of property acquired prior to marriage * * *" as was required under section 48-321. As stated in Fautsch at p. 102, " * * * This Court will not disturb findings of the district court where supported and justified by substantial evidence. (Citation omitted.) However, this Court cannot affirm a judgment where there is insufficient credible evidence to support it. * * *" See also Downs v. Downs (1976), ____Mont.____, 551 P.2d 1025, 1026, 33 St.Rep. 576.

The disposition of property order of the District Court is vacated and the case is remanded for a new property disposition hearing to determine the present value of the Billings and Mexico properties, the amount of money held by the parties in joint and individual savings accounts, and all other assets and liabilities of the parties.

_____
                    Chief Justice

- 6 -

We concur:

_Frank I. Haswell_

_Gene B. Daley_

_John Conway Harrison_

_Daniel J. Shea_

Justices