No. 14936

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

_____

IN RE THE MARRIAGE OF

KENNETH E. BOSACKER,

Petitioner and Respondent,

vs.

ROSEMARY A. BOSACKER,

Respondent and Appellant.

_____

Appeal from: District Court of the Thirteenth Judicial District,
Honorable C. B. Sande, Judge presiding.

Counsel of Record:

For Appellant:

Moses, Tolliver and Wright, Billings, Montana

For Respondent:

Richter and Lerner, Billings, Montana

_____

Submitted on briefs: January 24, 1980

Decided: MAR 17 1980

Filed: MAR 17 1980

Thomas J. Kearney
_____ Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Rosemary A. Bosacker appeals from an order of the District Court of Yellowstone County wherein the Court decreed maintenance and a division of the marital property.

The parties to this action were married on October 15, 1955, in Great Falls, Montana. The marriage was dissolved by the District Court on September 26, 1977. One child of the marriage was then of legal age, and the custody of the other child was awarded to the wife with support to be paid by the husband. The issues of maintenance and division of marital property were reserved until trial. By the time of trial, the other child had reached majority.

Prior to the trial the parties had divided and distributed some of the marital property. Each party had received $6,647 from the sale of the family home. Also, each party had received $13,626 out of the proceeds from the sale of other real property. The wife received about $2,000 from a bank account, a 1973 Pontiac worth $2,400, and approximately $11,000 worth of other personal property. The District Court found that the wife had received $35,700 and the husband had received $33,824 in assets from the marriage. The husband was left the responsibility of paying for $37,571 worth of joint liabilities of the marriage.

At the time of trial the District Court held $18,500 of marital assets which had not been divided. The wife was awarded $4,500 of this and the husband was awarded the remainder plus interest accrued.

One of the daughters of the marriage received approximately $45,753 as a gift from the parties prior to the dissolution of marriage. At the trial she testified that she intended to use much of this money to provide a down payment for a house in which she and her mother could live.

- 2 -

The husband had worked for Greyhound Corporation fourteen and one-half years prior to the marriage and fifteen and one-half years during the marriage. At the time of trial he was receiving $389 per month from a retirement fund. At the time of trial the wife was employed by the State Liquor Store and grossed $693.33 per month. She was also awarded $100 per month to be paid by the husband out of his retirement money. The District Court found that with the above income and the wife's skills as a bookkeeper, furniture finisher and store clerk that she could support herself in the community. The District Court also concluded that the property division would give over 50% of the assets minus the liabilities to the wife.

The wife presents two issues on appeal:

(1) Did the District Court err in determining the net worth of the parties?

(2) Were the findings of fact made by the District Court supported by the evidence?

The husband presents the following issue:

(1) Did the District Court err in granting maintenance to the wife?

The division of marital property pursuant to a dissolution of marriage is controlled by section 40-4-202, MCA. This Court has said on numerous occasions that the District Court is required to determine the net worth of the parties at the time of the divorce before dividing the property. Herring v. Herring (1979),____, Mont.____, 602 P.2d 1006, 36 St.Rep. 2052, 2053; Grenfell v. Grenfell (1979), ____Mont.____, 596 P.2d 205, 207, 36 St.Rep. 1100, 1103; Brown v. Brown (1978), ____Mont.____, 587 P.2d 361, 365, 35 St.Rep. 1733, 1738; Vivian v. Vivian (1978), ____Mont.____, 583 P.2d 1072, 1074, 35 St.Rep. 1359, 1361; Martinez v. Martinez (1978), ____Mont.____, 573 P.2d 667, 35 St.Rep. 61.

In Martinez we said:

"Before dividing the marital property between a contesting husband and wife in a dissolution of marriage action, based on the above considerations, however, section 48-321 requires the trial judge to consider the ' . . . estate, [and] liabilities . . . of each of the parties . . .'" ____ Mont. at ____, 573 P.2d at 669, 35 St.Rep. at 63-64.

In the instant case the District Court did not make a specific finding of fact as to the net worth of the marital property. It must be noted, however, that there were findings as to the value of assets which had been divided prior to trial, the value of the assets divided by the District Court following the trial and the joint liabilities of the marriage. The cumulative effect of these findings is equivalent to a finding of the net worth of the parties at the time of the divorce.

The wife next contends that there are five findings of the District Court which are not supported by the evidence.

In considering the sufficiency of the evidence to support a District Court's findings we are guided by the following language:

"We will not substitute our judgment for that of the trier of fact, but rather will only consider whether substantial credible evidence supports the findings and conclusions. Those findings will not be overturned by this Court unless there is a clear preponderance of evidence against them. We will view the evidence in a light most favorable to the prevailing party, recognizing that substantial evidence may be weak or conflicting with other evidence, yet still support the findings." Cameron v. Cameron (1978), ____Mont.____, 587 P.2d 939, 945, 35 St.Rep. 1723, 1729.

The wife contends that the finding of fact concerning the value of the marital estate is not supported by the evidence. In particular she disputes the value of $11,000 which pertains to certain items of personal property of the marriage which the wife received. The husband testified that he arrived at the $11,000 figure by adding together the prices paid for the items and deducting an amount for depreciation. The wife testified that she had several of the items appraised and that their value was "a little over $3,000.00." The husband's testimony constitutes

- 4 -

sufficient evidence to support the District Court's finding that these assets are worth $11,000. As a consequence, there was no abuse of discretion.

The wife next contends that there was not sufficient evidence to support the finding that the daughter, Kaye Bosacker, intended to use the $45,753 gift to provide her mother with a place to live. During the trial, Kaye Bosacker testified as follows:

> "Q. What do you intend to do with this $45,753.00, Kaye? A. I would like to use it as a down payment on a home, because my mother and I are now living in a duplex, and I want a home badly, and it would make us a nice down payment.
>
> "Q. And would you let your mother live in your house with you? A. Yes, the house would be in my name, and then after she died then the house would still remain mine."

Given this testimony, there was no abuse of discretion in making the above finding.

The wife next contends that there is insufficient evidence to support the finding concerning the total joint liabilities to be paid by the husband. In particular the wife objects to the inclusion of $10,000 worth of lumber used in building a house as a liability. The husband presented a list of liabilities to the District Court which detailed the debts of the parties. This list of liabilities totals $37,541.74. This is the amount found by the District Court to be the total liabilities of the parties. The only item on this list which refers to lumber is a debt of $773.16. There is no mention of a $10,000 liability for lumber. The $773.16 figure is supported by a check which the husband had written to a lumber company. Under such circumstances, there is substantial evidence to support the finding.

The wife next contends that the District Court erred in finding that the property division resulted in her receiving "over fifty percent (50%) of the assets minus the liabilities." The

District Court found that the wife received approximately $35,700 prior to the trial and the husband received approximately $33,824. In addition, there was $18,500 to be divided by the Court of which the wife received $4,500. There were liabilities of $37,571 resulting in a net estate of $50,453. Of this the wife received approximately $40,200. The District Court was justified in finding that the wife received over 50% of the net assets.

The wife next contends that the District Court erred in finding that the wife shall have "sufficient income . . . to support herself." We agree with the District Court. The wife is working and bringing home a salary. She is to receive $100 per month from the husband. She has no minor children to support and apparently her housing needs will be supplied by her daughter. Given these facts it was not an abuse of discretion for the District Court to find that the wife will be able to support herself.

The wife next contends that the District Court abused its discretion in awarding her only $4,500 out of the $18,500 cash on hand. Given the manner in which the other property was divided and the fact that the husband must pay the liabilities, the District Court did not abuse its discretion in so dividing this money.

Finally, the husband contends that the District Court erred in awarding the wife $100 maintenance per month. Pursuant to section 40-4-203, MCA, such an award is well within the District Court's discretion. We find no error in the award of maintenance to the wife.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 6 -