No. 82-245

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

NANCY JEAN WALLACE,

       Petitioner and Respondent,

  -vs-

THOMAS R. WALLACE,

       Respondent and Appellant.

_____

Appeal from: District Court of the Fourth Judicial District,
           In and for the County of Missoula, The Honorable
           James B. Wheelis, Judge presiding.

Counsel for Record:

    For Appellant:

        Patterson, Marsillo, Tornabene & Schuyler; Charles
        J. Tornabene, Missoula, Montana

    For Respondent:

        Ferguson & Mitchell; ~~Paulette C. Ferguson,~~
        Missoula, Montana

                  Submitted:   January 17, 1983

                  Decided:    March 25, 1983

Filed:   MAR 2 5 1983

_____
                     Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Respondent (wife) petitioned the District Court of the Fourth Judicial District in and for the County of Missoula, State of Montana, for a decree of dissolution of marriage. Findings of fact, conclusions of law, decree and judgment were entered March 26, 1982. Appellant (husband) moved for a new trial on April 6, 1982. On May 19, 1982, the District Court entered an amended decree and husband appeals.

Husband and wife were married on April 28, 1967, in Bremerton, Washington. The parties had been married fourteen years when they separated in January, 1981. They have two children from their marriage.

Wife is thirty-three years of age. She was unemployed at the time of the divorce. Wife has a high school education and has had vocational training as a nurse's aide and as a keypunch operator. During the marriage, wife was employed for a short time as a ward secretary in a hospital approximately nine years ago. She also worked a short time as a nurse's aide four years ago. Wife had brain surgery approximately nine years ago. As a result of the surgery, wife has two steel clips in her skull. Wife suffers from constant headaches and has a neurological impairment causing slow reflex action on her left side.

Husband is also thirty-three years of age. He is employed with the Bonneville Power Administration (B.P.A.). Husband has a high school education and has taken some classes at the college level. He has apparent good mental and physical health. Husband's wage scale at the time of hearing was $14.65 per hour. He has advanced with B.P.A. as far as he is able without a college education.

The parties agreed that the wife should have custody of the two minor children and that the husband should be awarded reasonable, liberal visitation.

The District Court divided the marital estate as follows:

| ITEM | EQUITY | TO HUSBAND | TO WIFE |
|------|--------|-----------|---------|
| House Bremerton, Washington | $ 46,000.00 | | $46,000.00 |
| House Missoula, Montana | 39,000.00 | 15,600.00 | 23,400.00 |
| Land Beavertail, Montana | 3,000.00 | 3,000.00 | |
| Husband's Retirement Account | 11,500.00 | 11,500.00 | |
| Personal Property | 9,600.00 | 5,800.00 | 3,800.00 |
| Subtotal | $109,100.00 | $35,900.00 | $73,200.00 |
| Less Marital Liabilities To Husband | 5,500.00 | 5,500.00 | |
| TOTAL | $103,600.00 | $30,400.00 | $73,200.00 |

The District Court ordered husband to pay child support of $185 per child per month for each of the two minor children and further ordered the child support payments be increased by 5 percent per month per child on the anniversary of the decree. The District Court also ordered husband to pay wife $130 per month as maintenance until her death or remarriage. The District Court justified the property division, child support and maintenance stating the respondent is an able-bodied man and based upon the employment experience, age and health of the parties, husband is deemed to have a greater opportunity than wife to acquire future capital assets.

Following the entry of judgment, on April 6, 1982, husband moved for a new trial. Husband claimed there was no competent medical testimony to support the District Court's finding that wife suffered from health problems which would impair her prospects of finding future employment. On May 3, 1982, the District Court ordered husband's motion for a new trial be treated as a motion to amend the judgment. On May 19, 1982, the District Court ordered the decree be amended. The property division, child support and maintenance provisions remained unchanged. Husband appeals.

The issues raised on appeal are:

1. Whether the District Court erred in awarding an automatic increase in the child support payments.

2. Whether the District Court's findings and conclusions were properly made and based upon substantial credible evidence.

3. Whether the District Court's property division was inequitable.

Here, the court had credible evidence of the husband's ability to contribute to the children's support and that the children's needs as they grow older, require increased support. The District Court ordered the child support payments be increased by 5 percent per month per child on the anniversary of the decree. We assume the language of the clause is a mistake and the District Court meant to order a 5 percent increase per child on an annual basis, not a monthly basis, and we direct that the decree be modified to so read.

In the present case, the findings by the trial court appear to justify the 5 percent annual increase in child support:

> "[Finding of fact no. 13.] 'Based upon the employment experience, age and health of the parties the respondent (husband) is deemed to have a greater opportunity than the petitioner (wife) to acquire future capital assets and income.'
>
> "[Finding of fact no. 14.] 'The respondent is an able-bodied man, in 1980 grossed $29,000.00 through his employment, and is financially capable of paying child support in the amount of $185.00 per month per child.'"

Husband next argues that the District Court's findings of fact and conclusions of law were not supported by substantial credible evidence. Husband claims the record lacks the medical testimony necessary to support the finding that wife's health problems warrant the inequitable division of property. Husband claims since wife was the only witness who testified concerning her own health, such testimony does not constitute credible evidence.

This Court has stated several times:

> "We will not substitute our judgment for that of the trier of fact, but rather will only consider whether substantial evidence supports

the findings and conclusions. Those findings will not be overturned by this Court unless there is a clear preponderance of evidence against them. We will view the evidence in a light most favorable to the prevailing party, recognizing that substantial evidence may be weak or conflicting with other evidence yet still support the findings." In Re Marriage of Bosacker (1980), ___ Mont. ___ , 609 P.2d 253, 256, 37 St.Rep. 469, 471; Cameron v. Cameron (1978), ___ Mont. ___ , 587 P.2d 939, 945, 35 St.Rep. 1723, 1729.

Here, there was no evidence which contradicted the medical testimony of the wife. Viewing the evidence in a light most favorable to the wife, we find the husband has not met his burden of coming forth with a preponderance of evidence to rebut the wife's testimony. Husband argues the trial court's finding was in error because there was no corroborating testimony from competent medical authorities to support the wife's own testimony of her health problems. This Court has never stated there must be corroborating testimony from competent medical authorities to support one party's testimony about health problems in a divorce proceeding. Here, the husband could have made competent medical authority available to the trial court to rebut the wife's testimony but chose not to do so. Even though a party's testimony about their own health problems may be weak, it is still the burden of the opposing party to offer evidence as rebuttal.

The husband further argues the District Court did not equitably apportion the marital assets as required by section 40-4-202, MCA. Husband claims the property division is inequitable because the wife received a substantially disproportionate amount of the property. In, In Re Marriage of Laster (1982), ___ Mont. ___ , 643 P.2d 597, 39 St.Rep. 737, this Court stated:

"The District Court's duty under section 40-4-202(1), MCA, is to consider the factors therein and then divide the property equitably. An equitable division does not necessarily mean an equal division. As has been noted many times by this Court, . . . :

"'Although the District Court may equally divide the marital assets, such a distribution is not mandated by section 40-4-202, MCA . . . Section 40-4-202 is flexible and it vests a

- 5 -

> good deal of discretion in the District Court
> . . . we have stated, before and after the
> adoption of the statute, that each case must
> be looked at individually, with an eye to its
> unique circumstances . . .'" (Citations
> omitted.) (Emphasis added.) Laster, 643 P.2d
> at 601.

As previously noted in this case, the wife was unemployed at the time of the hearing. It was not inequitable to give the wife the house in Washington, and a larger portion of the proceeds of the sale of the rental property in Missoula. Considering the fact that the wife was unemployed at the time of hearing and was to have custody of the two minor children, her needs are considerably greater than the husband's. The record shows the District Court attempted to make the property division based upon the age, health, station, occupation, amount and sources of income, vocational skills, employability, liabilities, needs of the parties and custodial provisions as mandated by section 40-4-202, MCA. We find no error in the trial court's division of the marital property.

The judgment is affirmed.

_____
Justice

We concur:

_____
Chief Justice


_____


_____
Justices

- 6 -

Mr. Chief Justice Frank I. Haswell, concurring in part and dissenting in part:

I concur in affirming the division of marital property and find sufficient evidence to support the District Court's findings on the wife's health problems.

My quarrel is in the award of an automatic annual increase in child support. It is essential that there be an evidentiary basis to determine that it would be unconscionable to continue the amount of child support payments then in effect. See Gall v. Gall (1980), ____ Mont. ____, 608 P.2d 496, 37 St.Rep. 639. Gall further cautions that the award of child support cannot be based upon "mere speculative future conditions or possible conditions." 608 P.2d at 498. Here, the record is barren of any evidentiary foundation for the automatic annual increase.

Automatic cost of living adjustments in child support payments based on a formula that fluctuates with changes in the Consumer Price Index and considers the factors affecting child support is possible. See Falls v. Falls (1981), 52 N.C.App. 203, 278 S.E.2d 546; Branstad v. Branstad (Ind. App. 1980), 400 N.E.2d 167. The vice of the automatic cost-of-living increase in the instant case is that the other factors affecting child support set forth in sections 40-4-204 and 40-4-208, MCA, were assumed to remain constant and the 5 percent annual increase established without evidentiary support.

I would vacate the annual cost-of-living increase in child support and affirm the remainder of the decree.

_____
Chief Justice

Mr. Justice Fred J. Weber:

I concur in the foregoing separate opinion of the Chief Justice.

_____
Justice

-7-

Mr. Justice Daniel J. Shea, concurring in part and dissenting in part:

I also join in the affirmance of the property division but dissent from the approval of the automatic cost of living escalator.

This case only demonstrates what has always been known to be the true basis of family law--the only certainty is that there is no certainty.

With absolutely no evidentiary foundation, the trial court ordered child support payments to increase 5 percent per year. No evidence was offered by the wife that the husband's salary had increased at any particular rate or that it would increase at any rate in the future. It can also be assumed that the husband's needs as time goes by, will increase. The strange thing here is that an annual increase in child support was not really a factor in the trial of this case. Rather, the first suggestion came when the wife proposed the automatic increase in the proposed findings and conclusions submitted to the trial court after the hearing was over. With no evidentiary basis in the record, and with no explanation of why the automatic increase was granted, the trial court simply ordered it to be. I find this to be a gross abuse of discretion.

Daniel J. Shea
Justice

- 8 -