IN THE MATTER OF ALLEN W. GRENFELL, PETITIONER AND RE—
SPONDENT, *v.* LILLIAN A. GRENFELL, RESPONDENT AND AP-
PELLANT.

No. 14063.
Submitted on Briefs May 9, 1979.
Decided June 15, 1979.
596 P.2d 205.

230

Knight, Dahood, Mackay & McLean, Anaconda, for petitioner and respondent.

Leonard Haxby, Butte, for respondent and appellant.

MR. JUSTICE HARRISON delivered the opinion of the Court.

The parties to this appeal were married in Kalispell, Montana, on August 26, 1960. Thereafter, the parties divorced, but subsequently reconciled their differences and were remarried in Elko, Nevada, on October 12, 1965. During the second marriage, respondent Allen W. Grenfell was employed by Intermountain Transportation Company as a bus driver, initially on a part-time basis and then working full time. During the marriage, appellant Lillian Grenfell worked part time as a beautician and the remaining time she worked around the family home.

During the marriage, the parties bought approximately 80 acres of ground near Stevensville, Montana, and some property located on Georgetown Lake in Deer Lodge County, Montana. They also purchased various items of farming equipment, some cattle, a Ford pickup truck, a Datsun pickup truck, and a Ford station wagon. Upon purchasing this property, the parties formed the A/T Corporation, and this property was placed under the ownership of the corporation.

The parties worked the assets of the corporation basically as a ranch-type corporation until their separation in April 1976. Until that time, respondent was the president and appellant also held an office in the corporation.

Because of irreconcilable differences, the parties separated in April 1976. Appellant moved from the family home, a leased ranch property near Cardwell, Montana.

At the time of the separation, there were two minor children, Darrell and Mia Grenfell. When appellant left the family home at Cardwell, she took the two children with her and moved near her parents in Anaconda, Montana. At this time appellant was receiving social security disability benefits for herself and the two minor children; received a settlement check from a casualty claim and a personal injury claim; received both state and federal income tax checks; and was being paid the sum of $300 per month by respondent as a reasonable amount of support for her and the children.

After separating from respondent, appellant and her daughter from a previous marriage took an extensive vacation to Hawaii. Additionally, in a two-week period approximately a month to six weeks after the separation, appellant charged various items to respondent in the total sum of $3,806.92.

After several months of negotiations, the matter was heard on December 3, 1976. At the conclusion of the hearing, the court instructed the parties to prepare an inventory of the assets of the ranch corporation. This was, apparently, accomplished but was not included in the record in any detail. After additional evidence and testimony was entered, the court entered its original findings of fact, conclusions of law, and decree of dissolution of marriage on March 3, 1977.

Thereafter, appellant moved the court for amendment of the findings of fact and conclusions of law. This motion was heard and appellant was allowed to present further testimony. The court entered its modified findings of fact and conclusions of law and its final decree of dissolution on July 28, 1977.

In its decree the District Court required respondent, during the minority of the children, to pay $375 per month for maintenance of the home of and support for the minor children and their mother. The District Court also required appellant to turn over to respondent certain shares of her stock in the family corporation, A/T Corporation. Appellant appeals from these final modified findings of fact and conclusions of law.

The issues raised are:

1. Did the District Court err in its award for support and maintenance?

2. Did the District Court err in distributing the property of the parties acquired during the marriage?

■ Before discussing the issues, we must decide a preliminary matter. Appellant contends the District Court could not decide the issue of dividing the corporate stock of A/T Corporation because the parties had agreed that such issue would not be decided in this matter. Respondent and the District Court both state that they were not a party to such an agreement. Also, appellant's petition for dissolution of marriage contains the request that the District Court divide the property of the parties and assign their obligations. Therefore, appellant's contention in this regard is without merit.

■ The standard for reviewing maintenance and child support awards is well settled in Montana. The award made by the District Court will not be disturbed on appeal unless there has been a clear abuse of discretion resulting in substantial injustice. *In re Marriage of Brown* (1978), 179 Mont. 417, 587, P.2d 361, 367. The District Court, in making its maintenance and child support awards, must consider the items and factors set out in sections 48-322 and 48-323, R.C.M.1947, now sections 40-4-203 and 40-4-204 MCA. The record here reveals that the District Court heard testimony concerning the income of the parties, the standard of living of the family before the separation, and other relevant factors. We cannot conclude that the District Court erred in awarding $375 per month for the maintenance of the home and for support of the minor children. Therefore, that portion of the judgment is affirmed.

■ We note, however, that the District Court, after setting the amount of the award for maintenance and support, stated: "This will give the father of the children an opportunity over a four to five year period of liquidating the debts Mrs. Grenfell showered on him of $5,798.92." Apparently, the award for maintenance and support was reduced by the District Court because of such debts. Such a reduction is within the court's discretion.

The standard of review recited above as to the award of maintenance and support is equally applicable to our consideration of the property division. *Brown*, 587 P.2d at 364. Here, we find the division of the stock of A/T Corporation, which is apparently the only marital asset, was substantially inequitable, and thus constituted an abuse of discretion.

As stated by this Court in *Brown*, 587 P.2d at 365: "In order to have a proper distribution of the marital property, we have stated the trial court must first determine the net worth of the parties at the time of the divorce." Here, the District Court made no such finding. It did find that the assets of the marriage are 402 shares of the capital stock of A/T Corporation, each party owning 201 shares. It further found that the net value of the stock is "$100,410.00 less debts of $38,000.00 or $62,410.00 i.e. a net per share value of $155.25." We cannot find any testimony in the record to substantiate these figures.

The District Court also required appellant to transfer 37 shares of her stock in A/T Corporation to respondent to reduce the debts incurred by appellant even though the District Court had stated that such debts were considered in reducing the award of maintenance and support. Neither did the District Court consider the effect the required stock transfer might have as to the control and possible liquidation of the corporation. Both parties should be afforded an opportunity to present evidence as to the marital property.

This case is reversed and remanded for a further decision on an equitable division of the marital property, taking into consideration the net value of all the marital property. The District Court should also consider the effect on control of the corporation upon the transfer of any shares of corporation stock. See *Richards v. Richards* (1960), 44 Haw. 491, 355 P.2d 188. Also, the District Court should not penalize appellant twice for the $5,798.92 in debts which she incurred. The remainder of the decree of dissolution is affirmed.

MR. CHIEF JUSTICE HASWELL and JUSTICES SHEA and SHEEHY concur.