No. 14710

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

IN RE THE MARRIAGE OF

BETTE ANN HERRING,

Petitioner and Appellant,

-vs-

JOSEPH HERRING, An
Incompetent Person,

Respondent and Respondent.

Appeal from:  District Court of the Eighth Judicial District,
Honorable H. William Coder, Judge presiding.

Counsel of Record:

For Appellant:

Randono, Lewis and Donovan, Great Falls, Montana

For Respondent:

Richard Ganulin, Great Falls, Montana

Submitted on briefs: October 4, 1979

Decided: NOV 21 1979

Filed: NOV 21 1979

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the Cascade County District Court dismissing appellant's petition for an equitable apportionment of a marital estate.

Appellant wife and respondent husband were married on August 16, 1956, in Golden, Colorado. Appellant is 51 years old and respondent is 80 years old. On August 11, 1977, appellant filed a petition with the District Court to have the marriage dissolved. On March 23, 1978, the petition was granted, and the marriage of the parties was dissolved by decree of dissolution. In granting the dissolution, the court reserved the right to equitably apportion the assets of the marital estate. The court instructed both parties that they were to attempt to reach a property agreement between themselves and that, if no agreement could be reached, either party could file a petition to equitably apportion the marital estate. The only significant assets of the parties were some diamond rings, acquired by the parties during the marriage and worth approximately $3000 to $4000 at the time of purchase, and a parcel of real property and home located at 307 Fifth Avenue South in Great Falls, Montana, which respondent had purchased 16 years prior to the marriage.

The parties being unable to reach a property settlement, appellant petitioned the District Court on October 16, 1978, for an equitable apportionment of the marital estate. In the petition appellant alleged that she was entitled to one-half of the interest in the Great Falls property on the basis of an oral agreement she had made with respondent. Appellant estimated her equity in the property as $6500. A

hearing was held concerning the petition on October 23, 1978. Appellant was not present at the hearing, having moved her residence to the State of Colorado. Two attorneys testified on appellant's behalf that respondent had attempted to arrange a sale of the Great Falls property in satisfaction of the alleged oral agreement. The sale, however, was never completed. Respondent testified that the property was purchased sixteen years prior to the marriage and that appellant had made no substantial contribution to the purchase or maintenance of the property.

From the evidence adduced at the hearing, the District Court found that appellant had not contributed to the purchase or maintenance of the property and that, as a matter of law, it would be inequitable to award appellant an interest in the property. The court also concluded that the oral agreement was unenforceable because an interest conveyed in real property must be in writing. Accordingly, the District Court ordered that the petition be dismissed. From that order, appellant appeals.

Appellant raises several issues on appeal. Within the context of her brief, however, we note two issues which we think are dispositive. First, appellant contends that it was error for the court not to ascertain the net worth of the parties at the time of their divorce.

We have held in a number of cases that, before there may be a proper distribution of marital property, the District Court must first determine the net worth of the parties at the time of their divorce. Grenfell v. Grenfell (1979), ____ Mont. ____, 596 P.2d 205, 207, 36 St.Rep. 1100, 1103; Brown v. Brown (1978), ____ Mont. ____, 587 P.2d 361, 365, 35 St.Rep. 1733, 1738; Vivian v. Vivian (1978), ____

Mont. ____, 583 P.2d 1072, 1074, 35 St.Rep. 1359, 1361.

Here, the District Court made no such finding. While the court did indicate that the only significant assets were the diamond rings and the lot and home, there was no attempt to place a present, fair market value upon these items or to determine the net worth of the parties at the time of their divorce. One witness testified that the diamond rings were worth about $3000 to $4000 when they were purchased several years ago. Another witness testified that the fair market value of the home was $13,000. Nowhere in the record or the order for dismissal, however, is there any indication that the trial court made a determination of net worth.

Appellant also alleges it was error for the court not to permit full inquiry into appellant's contribution to the marriage. While it appears from the record that the court did admit evidence of appellant's contribution in some instances, it also appears that the court was under the impression at certain times in the hearing that the issue of contribution was most properly heard at the time of the entry of the decree, not at the hearing. Where counsel for respondent attempted to go into the contribution of the parties, the following colloquy occurred:

> "THE COURT: With all due regard to your right to examine, I would just as soon not retry the divorce case, all right?
>
> "MR. GANULIN: All right. I'm just trying to get her contribution of the marital assets, if you're considering distributing them, then her contribution would be one of the factors.
>
> "THE COURT: That should have been heard at the time this decree was entered, shouldn't it, Counselor?
>
> "MR. GANULIN: Excuse me?
>
> "THE COURT: That should have been part and parcel of this decree, shouldn't it?

-4-

"MR. GANULIN: Perhaps.

"THE COURT: No perhaps about it. The court has got to make an equitable distribution of property at the time it enters the decree."

Contribution is, of course, a relevant factor to be considered in dividing the assets of the marital estate, especially with respect to property acquired prior to the marriage. Section 40-4-202, MCA, provides in pertinent part:

". . . In disposing of property acquired prior to the marriage . . . the court shall consider those contributions of the other spouse to the marriage, including:

"(a) the nonmonetary contribution of a home-maker;

"(b) the extent to which such contributions have facilitated the maintenance of this property; and

"(c) whether or not the property disposition serves as an alternative to maintenance arrangements."

We find it was error for the District Court to fail to determine the net worth of the parties and permit full inquiry regarding appellant's contribution to the marriage. Accordingly, we reverse the order of the court and remand this case for a full and proper hearing upon the equitable apportionment of the marital estate.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-5-