No. 14766

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

———————————

ROSALIND BAILEY,

> Plaintiff and Respondent,

vs.

LEE R. BAILEY,

> Respondent and Appellant.

———————————

Appeal from: District Court of the Eighth Judicial District,
Honorable H. William Coder, Judge presiding.

Counsel of Record:

For Appellant:

Hartelius and Associates, Great Falls, Montana
Michael S. Smartt argued, Great Falls, Montana

For Respondent:

Camerson Ferguson argued, Great Falls, Montana

———————————

Submitted: November 8, 1979

Decided: DEC - 3 1979

Filed: DEC - 3 1979

*Thomas J. Kearney*
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This appeal is from a final decree of dissolution of marriage entered in Cascade County District Court. The husband assigns error to those parts of the trial court's findings, conclusions and decree which pertain to marital property, child custody and support, and attorney fees.

We turn first to the division of the marital estate. The property to be divided consisted of the family home, the parties' respective savings accounts, the husband's retirement fund and other property. In dividing the marital estate, the District Court is required to consider:

> " . . . the duration of the marriage and prior marriage of either party; antenuptial agreement of the parties; the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties; custodial provisions; whether the apportionment is in lieu of or in addition to maintenance; and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution or dissipation of value of the respective estates and the contribution of a spouse as a homemaker or to the family unit. . . ." Section 40-4-202, MCA.

It is apparent from the court's decision that it carefully considered the above criteria. The following finding is fully supported by the evidence:

> "[Respondent], in view of her employment as a nurses aide and lack of opportunity for advancement, the amount of her average monthly living expenses, her age and her position in life, has limited opportunity for future acquisition of capital assets and greater income. She has a need of suitable housing. [Appellant], on the other hand, has a much greater income and a greater opportunity for future acquisition of capital assets and greater income. [Appellant] also has substantial accrued retirement benefits, which he can obtain upon leaving the civil service. [Respondent] therefore should be entitled to have the house to enable her to continue in a standard of living she has enjoyed during the parties' marriage. [Appellant], with his greater income, can purchase new suitable housing." (Bracketed identification paraphrased.)

- 2 -

In addition to the house, respondent received the household furnishings and her savings account. Appellant received the rest of the property. In terms of the total value of the estate, respondent received about 2/3 and appellant 1/3.

We have no argument with appellant's assertion that in some cases a 50-50 split of the property is desirable. Eschenburg v. Eschenburg (1976), 171 Mont. 247, 251, 557 P.2d 1014. However, a division which favors one party over the other may be acceptable if there is a reason for it. See e.g. LaPlant v. LaPlant (1976), 170 Mont. 155, 158, 551 P.2d 1014. As we have said in numerous opinions, the trial court's division of the marital estate will not be disturbed absent a showing that it abused its discretion. Grenfell v. Grenfell (1979), ____Mont. ____, 596 P.2d 205, 36 St.Rep. 1100, 1103; Porter v. Porter (1970), 155 Mont. 451, 473 P.2d 538, 541. Here, the emphasis placed on the parties' needs and their relative financial situations indicates a careful exercise of the court's discretion.

Appellant argues that an in-chambers interview of the children concerning their desires on custody was conducted improperly. We have found no support for his contention that reversible error occurred because the court reporter failed to include the children's names in the record of the interview. Likewise, there is no basis for his contention that the parties' oldest son, who had reached majority, should not have been present. There was no request for his exclusion and no objection to his inclusion. The issue cannot be raised for the first time on appeal. In the Matter of T.Y.K. (1979), ____Mont.____, 598 P.2d 593, 36 St.Rep. 1460, 1464. Appellant further contends the trial judge did not inquire whether the children had been "coached" before the interview by someone sympathetic to the wife. The record reveals that upon being asked, one of the children said any conversation which took place was among themselves. Apparently satisfied that undue influence

- 3 -

had not been exerted over the children, the judge did not pursue the matter further. The credibility of the declarant and the effect of his statement was for the judge to determine. See Voyta v. Clonts (1958), 134 Mont. 156, 328 P.2d 655.

Finally, there is no substance to appellant's argument that the court erred in asking the youngest child leading questions. Leading questions may be asked if necessary to develop testimony, Rule 611(c), Mont.R.Evid., and whether or not they will be allowed is a matter for the trial court's discretion. See Commission Comment to Rule 611(c). One of the well known exceptions to the general provision against leading questions is when the witness is a child. Advisory Committee's Note to Federal Rule 611(c), (1972), 56 F.R.D. 183, 275. Here, where counsel noted at oral argument that the youngest child was rather withdrawn, the asking of leading questions is not an abuse of discretion.

The award of custody and child support is a matter for the trial court's discretion. Brown v. Brown (1978), ____Mont. ____, 587 P.2d 361, 35 St.Rep. 1733. In this case, the only child whose custody is now in controversy said it would be "O.K." if he lived with his mother. There is no abuse of discretion.

We finally turn to the trial court's award to the wife of attorney fees of $350.

> "Traditionally, a showing of necessity has been a condition precedent to the exercise of the court's discretion to award attorney fees. Whitman v. Whitman (1974), 164 Mont. 124, 519 P.2d 966. But the lower court's discretion in the matter will not be disturbed if substantial evidence is found in the record to support the award." Kaasa v. Kaasa (1979), ____Mont.____, 591 P.2d 1110, 36 St.Rep. 425, 430.

Here, the trial court was well aware of the parties' financial situations. It did not abuse its discretion in making an award of reasonable attorney fees, based on necessity. Houtchens v. Houtchens (1979), ____Mont.____, 592 P.2d 158, 36 St.Rep. 501, 505. An award of $350 in attorney fees in a contested marital dissolution

involving property division, child custody and support is manifestly a nominal fee. As such, there is no requirement that the amount of the fee be supported by evidence. Solie v. Solie (1977), 172 Mont. 132, 561 P.2d 443.

Affirmed.

_Frank I. Haswell_
                                              Chief Justice

We concur:

_Gene B. Daly_

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sheehy_
Justices