No. 80-41

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

IN RE THE MARRIAGE OF
EADIE W. SCHULTZ,

Petitioner and Respondent,

-vs-

HILBERT E. SCHULTZ,

Respondent and Appellant.

---

Appeal from:   The District Court of the Tenth Judicial District,
              In and for the County of Fergus,
              The Honorable LeRoy McKinnon, Judge presiding.

Counsel of Record:

    For Appellant:

        William E. Berger, Lewistown, Montana

    For Respondent:

        Leonard H. McKinney, Lewistown, Montana

---

Submitted on Briefs:   June 19, 1980

Decided:   JUL 25 1980

Filed:  JUL 25 1980

_____
                          Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court of the Tenth Judicial District, State of Montana, in and for the County of Fergus, dissolving the marriage, settling custody and child support provisions and dividing the marital property. The appeal principally centers around the division of the marital property.

Respondent wife is a teacher and a coach at Fergus County High School, where she has taught since the fall of 1977. Appellant husband is a mechanic and maintenance man for the Montana State Highway Department where he has worked since January 1973.

The parties began their married life without assets. Except for a short period of time when she was finishing her college education at Eastern Montana College, wife has worked with husband in his various occupations. Early in the marriage the couple operated a service station in Wisconsin, and wife worked with husband in the operation of this station. After coming to Montana, husband worked as a mechanic in Billings, Montana, while wife finished her education. Thereafter, they moved to Lewistown, Montana, where wife became a teacher and a coach and husband continued to work in the field of mechanics, prior to going to work for the Highway Department. The parties purchased a home when they moved to Lewistown for which a downpayment was made from monies husband had obtained from his family.

The parties sold the house in Lewistown and used the proceeds of the sale to purchase ten and one-half acres outside of town where they erected a Capp home. The Capp home cost $25,000 and was put in place over a basement that

had been dug and poured. The house was a shell of a house when it was put up in 1975. Since that time the family has continually worked on the house to finish it and make it totally livable. This has taken some three years of work by husband, wife and their two boys, and the family's income has gone into the purchase of materials, etc., to complete this house. The property and house are the principal assets of the family and are the center of this dispute because the trial court's order and judgment directed that respondent wife get this property.

Respondent testified as to the value of the property and put the value at $80,000. Husband valued the property at between $85,000 and $100,000, and a separate appraisal was made by an FHA appraiser who set a value of $85,000. In addition, the parties owned a lot in Wisconsin on a lake which was recreational property. The value of this property is estimated between $10,000 and $15,000. There was at the time of the decree of dissolution a $24,508 mortgage against the house and ten acres. The rest of the property listed and divided by the court was personal property including automobiles, horses, farm equipment, and tools, and those things that are necessary around the house, including a collection of guns estimated at a value of approximately $2,500.

According to the net distribution, respondent wife received approximately 73 to 79 percent of the net worth of the couple, and husband received 21 to 27 percent. Appellant husband argues on appeal this distribution is totally inequitable.

The issue before us is whether the trial court complied with the provisions of section 40-4-202, MCA, in making the

-3-

distribution of property of the marriage in an equitable manner, or whether the court abused its discretion in making the property division.

This Court has, since 1975 when the Marriage and Divorce Act was passed, considered many cases with regard to proper property division in dissolution of marriage cases. We have adopted certain guidelines for the equitable distribution as mandated under section 40-4-202, MCA.

Several criteria stand out as mandates, first of which is that the District Court make findings of fact from which there can be established a net worth of the parties. See In re Marriage of Schultz (1979), ____ Mont. ___, 597 P.2d 1174, 36 St.Rep. 1330; Herring v. Herring (1979), ___ Mont. ____, 602 P.2d 1006, 36 St.Rep. 2052; Vivian v. Vivian (1978), ___ Mont. ___, 583 P.2d 1072, 35 St.Rep. 1359; Downs v. Downs (1979), ___ Mont. ___, 592 P.2d 938, 36 St.Rep. 577; In re Marriage of Capener (1978), 177 Mont. 437, 582 P.2d 326, 35 St.Rep. 1026; Kruse v. Kruse (1978), ____ Mont. ___, 586 P.2d 294, 35 St.Rep. 1502; In re Marriage of Brown (1978), ___ Mont. ____, 587 P.2d 361, 35 St.Rep. 1733; Robertson v. Robertson (1978), ___ Mont. ___, 590 P.2d 113, 35 St.Rep. 1889; Grenfell v. Grenfell (1979), ___ Mont. ____, 596 P.2d 205, 36 St.Rep. 1100; In re Marriage of Herron (1980), ___ Mont. ___, 608 P.2d 97, 37 St.Rep. 387.

The above cases generally hold that there must be complete findings as to the assets and liabilities of the parties and their values for establishment of a net worth. This Court has allowed a failure to find a net worth to stand only where there has been a 50/50 split of the property. See Bailey v. Bailey (1979), ____ Mont. ____, 603 P.2d 259, 36 St.Rep. 2162; Reese v. Reese (1979), ___ Mont. ____, 604

P.2d 326, 36 St.Rep. 2389; Kuntz v. Kuntz (1979), \_\_\_ Mont. \_\_\_, 593 P.2d 41, 36 St.Rep. 662.

Here the trial court's failure to make findings establishing the net worth of the parties prior to dividing the marital property and dividing it in an inequitable manner without regard to the husband's contributions and inheritance necessitates a reversal. We remand with directions to ascertain the net worth of the parties in arriving at a proper division of the same.

_____
                    Justice

We concur:

_____
        Chief Justice

_____

_____

_____
        Justices