No. 80-203

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

IN RE THE MARRIAGE OF

GAIL TOMASKIE,

                Petitioner and Appellant,

    -vs-

NICK TOMASKIE, JR.,

                Respondent and Respondent.

---

Appeal from:  District Court of the Fifth Judicial District,
In and for the County of Beaverhead, The Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

    For Appellant:

        Burns & Dwyer, Dillon, Montana

    For Respondent:

        W. G. Gilbert,III, Dillon, Montana

---

            Submitted on Briefs:  November 6, 1980

                        Decided:  March 20, 1981

Filed: MAR 20 1981

*Thomas J. Kearney*
—————————————————————
                  Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The wife appeals from that part of a marriage dissolution proceeding judgment of the Beaverhead County District Court granting custody of the children to the husband, ordering the wife to pay child support and dividing the marital assets.

On the issue of child custody, the wife contends that the findings and conclusions fail to consider the factors enumerated in section 40-4-212, MCA. She also contends the trial court erred in receiving a Blaine County Welfare report that went beyond the scope of the order requesting the report on child support; she contends the court ordered that she pay support without considering the factors enumerated in section 40-4-204, MCA.

On distribution of the assets of the marriage, the wife contends the court erred in failing to consider the factors enumerated in section 40-4-202, MCA. She also contends that the court improperly ordered her to pay one-half of the outstanding debts of the marriage.

The findings of fact are woefully inadequate on all the issues involved. It is apparent on their face that no consideration was given to the Uniform Marriage and Divorce Act. With the exception of that portion of the judgment dissolving the marriage, the judgment is vacated and a new hearing is ordered on all of the issues.

The parties were married in Dillon, Montana, on April 23, 1970. They have two children, Casey, age 8 and Nick, age 6. They lived in Harlem, Montana, until July 1979. In July, the wife took the children and the family car and returned to Dillon, her hometown. A month later, she filed

a petition to dissolve the marriage. Both the wife and husband asked for custody of the children.

The wife is 27 years old. She has a high school education and held several jobs during the marriage. At the time of the dissolution hearing, she was employed as a clerk at Safeway Stores in Dillon, earning $600 per month.

The husband is a college graduate and a high school teacher in Harlem. His teaching salary was $14,290 per year, but he supplemented this salary in the past in several ways: coaching football and basketball, earning an additional $1,000 per sport; teaching driver's education during the summer, earning an additional $2,800; and by driving a bus.

The couple bought a house in Harlem in 1976 for $28,000. The balance owed on the house at the time of trial was approximately $25,000. Other assets included the family furniture, a Ford Torino, and a Ford pickup truck with over 100,000 miles on it. In addition to the $25,000 owed on the house, it appears that they owed $10,500 on other debts.

At the conclusion of the trial, each side was to submit proposed findings and conclusions to the court. Both did so. Rule 52(b), M.R.Civ.P., provides that a party shall have ten days within which to object to the proposed findings and conclusions submitted by the opposing party. The husband's lawyer submitted proposed findings and conclusions on February 15, 1980, and the court adopted them verbatim on February 26, 1980, and entered judgment accordingly.

The trial court awarded custody of the children to the husband and ordered that the wife pay $50 per month as child support for each child. The court awarded the family home in Harlem, all the furniture, and the Ford Torino to the husband. The wife was awarded only the Ford pickup and her personal possessions.

-3-

After judgment was entered, the wife's counsel moved the trial court, pursuant to Rule 52(b), M.R.Civ.P., to amend the findings and conclusions. This motion also pointed out that the trial court had entered the findings and conclusions without giving the wife the time allowed by Rule 52(b), within which to object. The wife also contended that the trial court had improperly relied on a Blaine County welfare report that went beyond the scope of the court order and that the wife had not been properly notified by the court of the receipt of the report. The trial court overruled all objections, final judgment was entered, and the wife appeals.

As to child custody, section 40-4-212, MCA, is explicit in setting out the factors to be considered. We have time and time again in decisions told the trial courts they must follow this statute. Yet this statute was again ignored. The findings are absolutely silent on factors set out in the statute. Clearly, the judgment as to child custody must be vacated, and a new hearing ordered.

Although the wife's claim and error on child support is moot because of our child support ruling, we nonetheless state that the court's findings are similarly defective. Section 40-4-204, MCA, is explicit in setting out the factors to be considered and we have repeatedly told the trial courts that they must follow this statute. Yet this statute was again ignored. Based on the findings and conclusions entered here, there is no way that we can tell whether the wife is capable of paying $100 monthly child support nor can we tell what resources the husband has to take care of the children.

The findings are similarly deficient as to the property distribution. Section 40-4-202, MCA, explicitly sets out

-4-

the factors to consider in a distribution of the marital assets. We have repeatedly told the trial courts that they must consider these factors. Yet this statute was again ignored. We can't tell from the findings what the net marital estate amounts to, nor can we tell why there is such a disparity in what the parties received.

Also, the trial court ordered the wife to pay one-half of the $10,500 debt accumulated by the parties. The findings are silent as to how this debt was accumulated. But the record indicates that much of this debt can be more directly attributed to expenditures made on the house. Almost $4,600 was for loans made to make the initial down payment on the house. Approximately one-half of the $4,600 came from the husband's parents and grandmother--and the evidence is conflicting as to whether it was a loan or a gift. The wife testified that it was a gift. No findings were made as to what it was. About one-half of this $4,600 was a loan on a promissory note to enable the parties to make the downpayment on the house. Further, $640 of the $10,500 debt represented taxes, insurance and utilities for the family home--some of which were not due yet. Finally, $185 was for a student loan of the husband's which was still outstanding.

We have no doubt that the trial court failed to consider the factors set out in section 40-4-202, MCA.

This judgment cannot be upheld without ignoring the requirements of the Uniform Marriage and Divorce Act. The interests of justice require that it be vacated, and that a hearing be held on all issues.

We proceed next to the procedural problems surrounding the entry of the findings and conclusions. It is wise practice for the trial court to prepare and file its own

findings and conclusions. Only in that fashion can the parties know that the trial court has carefully considered all the relevant facts and issues involved. This is not to say, however, that the trial court shouldn't have guidance from the lawyers on both sides. But guidance in an adversary system is always such that the findings and conclusions may not indicate a thorough treatment of the facts and law to be applied. But proposed findings and conclusions give the trial judge good insight as to just what factors and what law the parties deem to be important. It is then up to the trial court to translate its own judgment and conclusions into appropriate findings and conclusions. It is becoming increasingly apparent to this Court, however, that the trial courts rely too heavily on the proposed findings and conclusions submitted by the winning party. That is wrong! See Canon 19, Canons of Judicial Ethics, 144 Mont. at xxvi-xxvii.

The deficient findings and conclusions are made more painful to the wife because of the failure of the trial court to act on the wife's motion to amend and supplement the findings of fact and conclusions of law. It appears, however, that the wife contributed to this by not noticing the hearing on the trial court's hearing calendar.

Notice of entry of judgment was given to the wife on February 29, 1980. On March 10, 1980, within the ten-day limit set by Rule 52(b), M.R.Civ.P., the wife filed a motion for a new trial and also to amend and supplement the findings of fact and conclusions of law. She did not set this motion on the hearing docket. The husband did not respond to this motion, but simply contented himself with letting fifteen days pass by, at which time the failure of the trial court to act was deemed a denial of the motion under Rule 52(b).

-6-

By Rule 59(d), the trial court shall either grant or deny the motion to amend within fifteen days, but the rule further states that if the trial court does not act within fifteen days, the motion is deemed denied. Therefore, when the trial court did not act, and no one could expect the trial court to act if the motion was not brought to its attention by setting it for hearing, the motion was deemed denied at the expiration of fifteen days. The mother was, therefore, compelled to take an appeal.

The judgment of the District Court is vacated as stated in this opinion. This case is remanded to the District Court for a full hearing in the merits.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices