MR. JUSTICE SHEEHY
delivered the opinion of the Court.
Petitioner Sabre Camille Jensen appeals from the judgment of the Fourth Judicial District Court, Ravalli County, that dissolved her marriage to respondent Gary Douglas Jensen and provided for a division of marital assets and child support for the parties’ minor children. She presents the following issues for our review:
1. Whether the court erred in its division of the parties’ marital estate.
2. Whether the court exceeded its jurisdiction by apportioning the parties’ ranch property water rights.
3. Whether the court erred in its child support order.
4. Whether the court erred in adopting verbatim the proposed findings of fact, conclusions of law and decree of dissolution proffered by Gary Jensen’s counsel.
We have reviewed the record and argument of counsel and find no reversible error. We affirm the judgment of the District Court.
Gary and Sabre Jensen were married in 1959. Four children were born to them: Douglas, in 1959, Eric, in 1961, Melinda, in 1963, and Jennifer, in 1967. At the time the Jensens entered into their marriage, they owned little personal property. Through the years, however, with a combination of their own efforts and estate planning gifts from Gary’s parents, the Jensens acquired approximately 255 acres of ranch land near Stevensville, Montana. The *249 Jensens lived on this ranch and until 1976, Gary supported the family by maintaining a hay/cattle operation on his place and by working as a ranch hand on his parents’ place. Sabre worked as a rancher’s wife, managing the household affairs, caring for the children and working on the ranch when needed.
In 1976, Gary was seriously injured in a motorcycle accident, resulting in permanent partial paralysis. This accident ended Gary’s ability to effectively work on his own and his parents’ ranches. Gary was classified as totally and permanently disabled by the Social Security Administration. Since the time of the accident, Gary Jensen has received a social security disability payment of $229 monthly. The Jensen children, Melinda and Jennifer receive social security benefits of $50.40 monthly. In order to supplement the family income after the accident, Sabre Jensen went to work as a dental receptionist and grocery clerk, earning approximately $650 monthly.
In 1978, Gary and Sabre separated and the dissolution of marriage was initiated. They were unable to informally agree on a fair property division and the amount of child support that Gary should pay to Sabre as custodial parent. Two hearings were held in which the District Court received conflicting evidence, of the ranch’s value and Gary’s ability to care for himself and earn a living. Following the hearings, the court asked counsel for both parties to submit proposed findings of fact, conclusions of law and supporting briefs to the court, regarding an equitable division of property and order for child support. The court received proposed findings and conclusions from counsel and adopted the findings of fact, conclusions of law and decree submitted by Gary’s counsel. These findings and conclusions provided that the 255 acre ranch was worth $244,600. Gary would receive approximately 149 acres of the ranch, including most of the prime irrigable land and hay barns, while Sabre would receive approximately 106 acres, including the house and well. The water rights to the land were divided and easements were provided to allow access to the divided parcels. Sabre was awarded the family car, home furnishings and common stock valued at approximately $30,000. Gary was *250 awarded farm equipment, the registered livestock brand and his personal possessions. The decree further provided that Gary contribute to Sabre a sum equal to the social security disability payments for the minor children’s support.
I. PROPERTY DIVISION:
In her appeal, Sabre asserts the District Court erred by failing to properly determine the Jensens’ net worth, by improperly dividing the ranch property and water rights and by taking into account the relationship between the Jensens’ ranch operation and the adjoining ranch operated by Gary’s parents. We disagree. The action taken by the court was well within its power and the wide discretion given to the district court to resolve property divisions:
“A District Court has far-reaching discretion in resolving property divisions, and its judgment will not be altered unless a clear abuse of discretion is shown. (Citations omitted.) The test for reviewing the District Court’s discretion is: Did the District Court in the exercise of its discretion act arbitrarily without employment of conscientious judgment, or exceed the bounds of reason in view of all the circumstances?” (Citations omitted.) In Re Marriage of Jacobson (1979), 183 Mont. 517, 600 P.2d 1183, 36 St.Rep. 1773.
In this case, the court was amply presented with evidence of the current value of the parties’ assets and properly included its determination of the property values in its findings, as required under In Re Marriage of Brown (1978), 179 Mont. 417, 587 P.2d 361, 35 St.Rep. 1733. Sabre complains the court erred by adopting the low ranch valuation testimony offered by her husband’s land appraiser expert, instead of relying on the higher valuation offered in her own expert’s testimony. This is not reversible error. The District Court, as the trier of fact, in this trial without a jury, has the discretion to give whatever weight it sees fit to the testimony of land appraiser witnesses. Dickerson v. Dickerson (1980), 188 Mont. 492, 614 P.2d 521, 37 St.Rep. 1286. Unless the valuation is clearly erroneous, it shall not be reversed on appeal. Rule 52(a), M.R.Civ.P.
*251 Sabre attacks the property division by labeling it inequitable. The division here is not so inequitable that it amounts to an abuse of discretion and reversible error. As we explained in Dickerson, supra:
“Substantially inequitable property divisions were reversed by this Court in In Re Marriage of Berthiaume (1977), 173 Mont. 421, 567 P.2d 1388; and In Re Marriage of Brown, supra. In Brown, the District Court awarded the wife $25,000.00 for her interest in a $350,000.00 ranch, the major marital asset. In Berthiaume, the District Court found that the parties’ marital property should be equally divided, but the court awarded the husband over $ 17,000.00 of the marital property and awarded the wife less than $1,000.00 of the property. Both property decrees were held to be substantially inequitable and were reversed.”
Although the District Court did not divide the parties’ property equally, this property division is not substantially inequitable. The court did not reversibly err by awarding Gary the more valuable (irrigable) ranch land adjoining his parents’ property. At the time of dissolution hearings, Gary was living with his parents and was cared for by them. He supported himself by working as a part-time ranch hand on the two ranches. This division, which takes into account Gary’s disability, does not “exceed the bounds of reason in view of all the circumstances.” Jacobson, supra.
Sabre further attacks the water rights property division contending the District Court lacked the power to divide the existing water rights. She argues that a water judge alone has the power to make this division. We do not agree. Although the water judges have exclusive jurisdiction over the determination and interpretation of existing water rights, a district judge has original jurisdiction in dissolution of marriage proceedings and is required by statute to divide and distribute all marital property involved including any water rights. See, sections 3-7-501, 3-5-302, and 40-4-202, MCA. A water right is a kind of property. See, Brennan v. Jones (1936), 101 Mont. 550, 55 P.2d 697.
*252 II. CHILD SUPPORT:
We find no reversible error in the District Court’s child support award. Although we firmly believe it is legal and moral duty of parents to support their children, our statutes place the burden of determining the proper amount of support upon the District Court. See, section 40-4-204, MCA; State ex rel. Lay v. District Court (1948), 122 Mont. 61, 198 P.2d 761. Absent a clear abuse of discretion resulting in substantial injustice, an award of child support made by that court will not be disturbed on appeal. Grenfell v. Grenfell (1979), 182 Mont. 229, 596 P.2d 205, 36 St.Rep. 1100; Brown, supra. Although the award here of $50.40 per child per month is extremely low, it is consistent with the ability of Gary as noncustodial parent, to pay for support. There is no abuse of the court’s wide discretion.
III. USE OF PROPOSED FINDINGS BY THE COURT:
In her final specification of error, Sabre argues the District Court erred by adopting the proposed findings of fact, conclusions of law and decree submitted by Gary’s counsel. She suggests that a lower standard for review should exist for the review of findings and conclusions drafted by counsel than exists under the “clearly erroneous” standard of Rule 52(a), M.R.Civ.P. We decline to adopt this suggestion. In Schilling v. Schwitzer-Cummins Co. (D.C.Cir.1944), 142 F.2d 82, Justice Miller addressed this precise suggestion and persuasively explained reasons for allowing courts to ask for counsel’s assistance in drafting findings of fact and conclusions of law:
“Whatever may be the most commendable method of preparing findings — whether by a judge alone, or with the assistance of his court reporter, his law clerk and his secretary, or from a draft submitted by counsel — may well depend upon the case, the judge, and facilities available to him. If inadequate findings result from improper reliance upon drafts prepared by counsel — or from any other cause — it is the result and not the source that is objectionable. It is no more appropriate to tell a trial judge he must refrain from using or requiring the assistance of able counsel, in preparing *253 his findings, than it would be to tell an appellate judge he must write his opinions without the aid of briefs and oral argument.”
Our ultimate test for adequacy of findings of fact is whether they are sufficiently comprehensive and pertinent to the issues to provide a basis for decision, and whether they are supported by the evidence presented.
In Tomaskie v. Tomaskie (1981), 191 Mont. 508, 625 P.2d 536, 38 St.Rep. 416, we disapproved of wholesale adoption of proposed findings submitted by a party. Such a practice may lead to error. See, Beck v. Beck, 193 P.2d 166, Cause No. 81-286, Decided July 9, 1981 in this Court. Once findings are adopted however, Rule 52(a) applies to support them on appeal, and there is no reason in the Rules or otherwise to give such adopted findings a lesser degree of weight, since once signed by the district judge they bear the imprimatur of the court.
The findings of fact and conclusions of law entered here by the court are comprehensive and supported by the evidence. They contain no clear error.
The judgment of the District Court is affirmed.
MR. JUSTICES DALY, HARRISON and WEBER concur.