No. 81-335

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

IN RE THE MARRIAGE OF:

NORMA JEAN LePROWSE,

Petitioner and Appellant,

and

ROBERT EDGAR LePROWSE,

Respondent and Respondent.

---

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula
Honorable John Henson, Judge presiding.

Counsel of Record:

For Appellant:

Goldman and Goldman, Missoula, Montana

For Respondent:

Datsopoulos, MacDonald & Lind, Missoula, Montana

---

Submitted on briefs: March 5, 1982

Decided: June 11, 1982

Filed: JUN 11 1982

Thomas J. Kearney
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Norma Jean LeProwse, appellant, appeals from decree and judgment entered by the Missoula County District Court dissolving the parties' marriage, determining child custody and support, and dividing the marital assets. The issues raised here concern the valuation and division of property as found and ordered by the trial court.

The parties were married twenty-nine years. During their marriage they accumulated property including a house in Missoula, a cabin at Flathead Lake, a travel trailer, a boat with motor, a 1975 Chevrolet automobile, furnishings in the house and lake cabin, and Champion International stock. Additionally, in April of 1977, approximately eight months before commencement of this proceeding, appellant received an eleven thousand dollar ($11,000.00) inheritance, six thousand dollars of which remained at time of trial.

A licensed real estate broker testified for appellant regarding the value of the jointly-owned real property. Using comparable sales, he appraised the Missoula residence at fifty-three thousand five hundred dollars ($53,500.00) and the Flathead Lake property, including improvements, at fifty-five thousand dollars ($55,000.00). The broker used a listing price, rather than a sales price, for one of the comparable sales for the lake property; another comparable sales reference was property twice the size of the subject property that varied considerably from the subject property in terms of square footage and lake front footage. In determining the replacement costs of the improvements on the lake property the broker did not allow for any depreciation in valuing the nine-year-old improvements.

Respondent's appraisal was presented by a MAI-designated real estate appraiser who used replacement cost and market data methods to value the property. He appraised the Missoula residence at fifty-four thousand nine hundred dollars ($54,900.00) and the lake shore property at forty-five thousand dollars ($45,000.00). The comparable sales used by respondent's appraiser were verified sales of similar acreage, front footage and square footage value. Respondent's appraiser used the same lot as appellant's broker for one of his comparable sales but where the broker used a recent listing price as his reference point, the appraiser used an actual sales price that was some twenty-one thousand five hundred dollars ($21,500.00) lower than the subsequent listing. The appraiser arrived at a similar replacement cost valuation of the improvements located on the lake property, however, he made a downward depreciation adjustment to account for the age of the improvements.

Appellant provided no testimony as to the market value of the personal property in the marital estate. Respondent provided the court with his opinion, which was in part based upon a previous appraisal of an insurance agent, as to the estimated value of the travel trailer, the boat, the home and lake furnishings, and the stock.

Both parties testified that they had present and future ability to participate in medical insurance and retirement programs. Appellant is a twenty-year employee of the United States Forest Service, with an annual gross income in excess of nineteen thousand dollars ($19,000.00). Respondent has similar longevity with Champion International and a current annual gross income of approximately twenty-eight thousand

dollars ($28,000.00). Appellant also testified that she had rheumatoid arthritis which required corrective surgery but that similar operations had been successful in the past. She had accumulated ample sick leave to allow for her convalescence.

The findings of fact entered by the court on January 12, 1981, included that the parties had similar retirement benefits, that with the exception of appellant's remediable arthritic condition, the parties were in relatively good health, and that the inheritance received by appellant should be specifically excluded from the marital estate. The lower court valued and distributed the marital assets as follows:

| Assets to Appellant | Fair Market Value | Indebtedness | Net Marital Equity |
|---|---|---|---|
| Missoula Residence | $54,200.00 | $9,000.00 | $45,200.00 |
| Furnishings in Missoula Residence | $12,500.00 | -0- | $12,500.00 |
| 1975 Automobile | $ 2,000.00 | -0- | $ 2,000.00 |
| | | Total | $59,700.00 |

| Assets to Respondent | | | |
|---|---|---|---|
| Lakeshore Property | $45,000.00 | -0- | $45,000.00 |
| Furnishings at Lake | $    500.00 | -0- | $    500.00 |
| Travel Trailer | $ 1,200.00 | -0- | $ 1,200.00 |
| Boat and Motor | $ 1,500.00 | -0- | $ 1,500.00 |
| Champion International Stock | $ 4,000.00 | -0- | $ 4,000.00 |
| | | Total | $52,200.00 |

On February 27, 1981, the Missoula County Clerk of Court sent parties' counsel notice of entry of judgment; notice was not mailed but delivered to parties via boxes

located in the clerk's office and designated for local counsel. Upon informing the trial judge that counsel for appellant had not picked up the notice until March 6, 1981, appellant was granted until March 19, 1981, to file post-trial motions. Appellant filed a motion for reconsideration March 18, 1981. No hearing was set nor had on the motion before March 29, 1981. On April 29, 1981, counsel for both parties appeared before the District Judge to discuss the applicability of M.R.Civ.P., Rule 59(d) to appellant's motion. At that time the court formally deemed the motion denied. Appellant's notice of appeal was filed the same day. Respondent's counsel made no attempt to have the appeal dismissed as untimely.

Before this Court, appellant's principal claim is that the trial court abused its discretion in allocating the marital assets. The bases for appellant's contention include the court's failure to determine net worth of the parties, the wholesale adoption of respondent's findings of fact and conclusions of law as proposed, the court's failure to properly apply the factors of section 40-4-202, MCA, and the court's failure to account for appellant's arthritic condition in the distribution of assets, absent a provision for maintenance. Additionally, appellant presents as error the failure of the District Court to mail the judgment and decree and notice of entry of judgment to appellant's counsel.

There is no need for this Court to review the manner in which the Missoula County District Court transmits its orders to local counsel. Neither at the trial level nor the appellate level has appellant been harmed by the Missoula County District Court's practice of depositing orders in designated boxes in the court clerk's office. Appellant's

motion for reconsideration was duly considered by the District Court and this Court now considers the substantive issues raised by appellant. Absent a showing of prejudice this Court will not interfere with the internal operating rules of the Missoula County District Court.

The standard for review of a District Court's findings and conclusions is the same whether the District Court has prepared them or has adopted a party's proposed findings and conclusions: the lower court's findings are to stand if supported by the law and evidence. City of Billings v. Public Service Commission (1981), ____ Mont. ____, 631 P.2d 1295, 38 St.Rep. 1162, 1165. Although the practice is disapproved, the fact that the District Court substantially adopted the findings proposed by respondent's counsel does not change the standard of review by this Court.

The oft-stated rule in reviewing property distributions in dissolution proceedings is that the District Court is afforded broad discretion. Abuse of discretion is the touchstone in determining whether a particular property distribution is inequitable. For an abuse of discretion to be found appellant must show that the District Court "act[ed] arbitrarily without employment of conscientious judgment, or exceed[ed] the bounds of reason in view of all the circumstances." Zell v. Zell (1977), 174 Mont. 216, 220, 570 P.2d 30. Failure to precisely set forth net worth of parties does not constitute abuse of discretion so long as the findings as a whole are sufficient to determine net worth, In re Marriage of Nunnally (1981), ____ Mont. ____, 625 P.2d 1159, 38 St.Rep. 529, and the findings themselves will not be disturbed unless a preponderance of the evidence clearly mandates contrary determinations. Cameron v. Cameron (1978), 179 Mont. 219, 587 P.2d 939.

Despite the potpourri of matters raised in appellant's brief, the essence of appellant's argument on appeal is that the findings and conclusions are not supported by the evidence on record. We cannot agree. No abuse of discretion can be found in findings of fact and conclusions of law that: carefully set forth the fair market value, outstanding obligations, and net value of each marital asset; develop the trier of fact's reasoning for accepting respondent's appraisals and estimates over those offered by appellant; and are fully supported by the record.

It is the trial court's function to assess the witnesses' qualifications, experience and demeanor when it makes its determinations regarding the evidence before it; this Court's function is to review the lower court's findings in light of the record to make certain the findings are not clearly erroneous. Jensen v. Jensen (1981), ____ Mont. ____, 629 P.2d 765, 38 St.Rep. 1109. We find no clear error in the property valuations adopted by the trial court. The lower court's judgment is affirmed.

As a final matter respondent has requested that this Court adjudge this appeal to be frivolous and award respondent costs and damages.

Where the question of sufficiency of evidence to support a lower court's decision or the issue of the lower court's abuse of discretion is reasonably in issue, this Court has said that a respondent is not entitled to recover damages under Rule 32, M.R.App.Civ.P. Martens v. Martens (1981), ____ Mont. ____, 637 P.2d 523, 38 St.Rep. 2135. That rule must control the instant case. Albeit appellant's case was not strong and this decision is of little precedential value, the appeal itself is not so unwarranted or unreasonable

-7-

to invoke this Court's powers under Rule 32.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

-8-

Mr. Justice Daniel J. Shea concurring:

I join in the decision of the majority, but I express reservations to the trial court's wholesale adoption of the findings and conclusions of the prevailing party. In Tomaskie v. Tomaskie (1981), ___ Mont. ___, 625 P.2d 536, 538, 38 St.Rep. 416, we stated that ". . . [i]t is wise practice for the trial court to prepare and file its own findings and conclusions" and that "[i]t is becoming increasingly apparent to this Court, however, that the trial courts rely too heavily on the proposed findings and conclusions submitted by the winning party. That is wrong! See Canon 19, Canons of Judicial Ethics, 144 Mont. at xxvi-xxvii."

Notwithstanding this message, the trial courts are still too often engaged in the wholesale adoption of the prevailing party's proposed findings and conclusions, and yet, we seem to do nothing about it. I look at this practice no differently than I would a practice of this Court to ask each party to submit a proposed opinion to this Court along with its briefs, and then to adopt verbatim the proposed opinion of the prevailing party. I can just imagine the uproar of the trial bar and the public, and rightly so, if we were to do this.

I have previously expressed in detail my position on proposed findings and conclusions in my concurring opinion to Jensen v. Jensen (1981), ___ Mont. ___, 631 P.2d 700, 704, 38 St.Rep. 1109, 1113, and I see no need to belabor the point.

Daniel J. Shea
Justice

-9-