No. 82-403

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

N RE THE MARRIAGE OF

EADIE W. SCHULTZ,

            Petitioner and Respondnet,

    -vs-

HILBERT E. SCHULTZ,

            Respondent and Appellant.

Appeal from:   District Court of the Tenth Judicial District,
               In and For the County of Fergus, The Honorable
               LeRoy McKinnon, Judge presiding.

Counsel of Record:

    For Appellant:

        William E. Berger, Lewistown, Montana

    For Respondent:

        Leonard H. McKinney, Lewistown, Montana

                    Submitted on Briefs:  February 10, 1983

                              Decided:  April 21, 1983

Filed:   APR 21 1983

_____
                    Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

This is the second appeal brought by the husband from a decree of dissolution by the Fergus County District Court. We remanded the case the first time because the trial court failed to make a finding of the net worth of the parties before dividing the marital estate, and because the trial court had divided the property without considering the husband's contribution and inheritance. Schultz v. Schultz (1980), ___ Mont. ___, 613 P.2d 1022, 37 St.Rep. 1042.

On remand the trial court held a second hearing and entered new findings and conclusions and a new order. The court made a specific finding of the parties net worth, and set out reasons for the property distribution. The net marital estate was valued at $103,948.50, and the trial court awarded the wife property valued at $62,517 and the husband property valued at $41,431.50.

In this second appeal, the husband claims that the trial court's findings are not supported by substantial credible evidence, that the trial court again failed to consider all of the husband's contributions to the accumulation of the marital assets, and that the trial court has exceeded the bounds of good conscience. We affirm.

The parties were married 24 years and had two children who are now adults. Both the husband and wife had been employed throughout most of the marriage. Both are currently employed and self-supporting.

On remand, the court corrected its earlier error by making findings of fact which included a detailed inventory and valuation of the marital assets and liabilities. The

principal asset was a Capp home which they bought in 1975 and had installed as a shell on a ten and one-half acre tract. The family worked on finishing the house over the next three years. The trial court found that the husband acted as an overseer and did some of the work, but that the bulk of the work was done by the wife and two sons.

The second error upon which we reversed involved the trial court's failure to take into account the husband's contribution and inheritance in dividing the marital estate. This time the trial court made detailed findings of the relative contributions of both parties. We summarize those findings in the following paragraphs.

During the last three years of the marriage, the husband drank to excess and was generally antagonistic and somewhat destructive. He would sit in the house and drink beer and flip the empties against the wall, making dents; he broke a glass sliding door in anger; he broke the outside light bulbs, allegedly because "they never turn them off;" and he drove through the closed gate and tore out fence on the side of the yard.

During the separation, the husband lived on the property for a time, but let the property fall into a state of disrepair. The trial court viewed the premises after he had lived there and found that the house had been left without heat, some of the flooring had been damaged, the septic system was not working, and the yard was littered with junk and horse manure. Later, however, the wife lived on the property and repaired and maintained it.

After the parties were separated, the youngest son lived with his mother from January 1979 until he reached his

majority in September 1979. The husband did not contribute to the son's support, although he was able to.

Over the years the wife did all of the household work. She raised a garden and poultry for the family use.

During the marriage, the husband inherited approximately $6,600 from his father and borrowed another $5,000 from his mother. The wife borrowed $10,000 from her parents. The parties each have a retirement fund and agree that it remain the separate property of each.

During at least the last three years of the marriage, the husband has spent a good part of his income on alcoholic beverages. Throughout the marriage, the wife's income has gone to the family benefit.

Based on those findings, the trial court concluded that age, health, station, occupation, skills and employability are not of significance in this property division, and that both parties appear to have equal opportunity for future earnings. The trial court also concluded that the wife tended to be a stabilizing factor in the marriage, that the family home has more than just a commercial value to her, and that during the later years of the marriage the husband tended to dissipate the property.

Based on this background, the trial court awarded property valued at $62,517 to the wife, and awarded property valued at $41,431.50 to the husband.

The husband first contends that the trial court's findings are not supported by substantial credible evidence. For example, the husband has challenged the trial court's finding that the bulk of the work on the Capp home was done by the wife and sons with the husband acting as overseer. The husband does not deny that the wife and sons worked on

the house. Rather, he has urged the court to find that an overseer is more important to a construction project than laborers and that his wife and children did not have the technical skills to finish the house without his supervision. The husband has not shown a clear preponderance of evidence against the finding, he merely argues that the trial court should have seen it in a different light. The finding is supported by the evidence.

The husband also claims a failure of substantial credible evidence to support the trial court's finding that he drank excessively. He contends that the trial court ignored evidence he presented to show that he has held a steady job with progressions in grade and that he has no record of alcohol-related arrests. He points out that his checkbook record indicates that he spent only $804 on alcohol during the year prior to the separation, an amount he argues is not excessive. He argues that the trial court ignored his witnesses and favored his wife's witnesses. We have said before that when the trial court decides to accept the testimony of one party over the other, that determination will stand unless it is clearly erroneous. Creon v. Creon (1981), ___ Mont. ___, 635 P.2d 1308, 38 St.Rep. 1828. The trial court's findings are supported by substantial credible evidence and we will not disturb them.

The husband next contends that the trial court, in making the property distribution, failed to take into consideration the husband's contributions and inheritance. He claims that the trial court overlooked the fact that he received an inheritance of $6,600 from his father, that he had an interest in a service station before the marriage, that he has worked steadily throughout the marriage, and that

he supervised the construction of the family home. He contends on the other hand that the wife had no inheritance, has a better and more stable job, has no needs different from his, and that she made no extraordinary contribution to the marriage.

The trial court clearly took the husband's contributions into account in the property distribution. Other factors which a trial court must take into account in dividing marital property are set out in section 40-4-202, MCA. The trial court considered all of these factors and incorporated them into the findings and conclusions. The reasons for making the unequal property distribution were clearly set forth.

The judgment of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____
_____
_____
Justices