No. 88-527

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

IN RE THE MARRIAGE OF
SYLVIA GAY JOHNS,

        Petitioner and Appellant,

and

WILLIAM J. JOHNS,

        Respondent and Respondent.

_____

APPEAL FROM:  District Court of the Second Judicial District,
            In and for the County of Silver Bow,
            The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Henningsen, Purcell, Vucurovich & Richardson; Mark A.
        Vucurovich, Butte, Montana

    For Respondent:

        W. M. Hennessey, Butte, Montana

_____

Submitted on Briefs:  May 11, 1989

Decided:  July 24, 1989

Filed:

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Sylvia Johns, petitioner, appeals from the property distribution mandated in the dissolution of marriage decree entered by the District Court of the Second Judicial District, Silver Bow County. We affirm.

The issues raised on appeal are:

1. Whether sufficient evidence supported the District Court's valuation of the parties' real property.

2. Whether the District Court adequately determined the parties' net worth.

Sylvia and William Johns were married on September 11, 1965. On June 12, 1987, wife filed a petition for dissolution of the marriage and for the equitable distribution of the marital estate. A hearing was held on April 15, 1988, which dissolved the marriage and reserved all other issues. On July 25, 1988, the District Court issued its findings of fact and conclusions of law and decree dividing the marital property.

When dividing the martial property, the District Court considered several factors as required under § 40-4-202, MCA. The factors were enumerated in the court's findings of fact and conclusions of law as follows: the duration of the marriage, real and personal property acquired during the marriage, the age of the parties, the employment and pension plans of each, the IRA accounts of each, the wife's inheritance, a debt on the family home, a debt for their adult daughter's wedding, and miscellaneous property. The District Court noted that in addition to wife having a higher monthly net income than husband, wife's pension plan had a present value in excess of $24,000 while husband's pension

plan had only a future potential value of $247 per month upon retirement. Although it is unclear from the record how the valuation of the pensions was made, the parties did not raise the specific issue.

Upon consideration of the parties' assets, the District Court decreed that each party retain as their separate property their IRA accounts, pension plans, deferred savings and motor vehicles. The family home valued at $40,000 was awarded to husband conditioned on payment of a $2,000 debt remaining on the home as well as a $2,300 debt incurred on the parties' adult daughter's wedding. The court also considered wife's inheritance and decreed that it should be wife's sole property. In addition, wife was awarded miscellaneous property. The District Court stated, in comment to its findings, that the distribution was practical, equitable and in the best interests of both parties.

The first issue raised on appeal is whether sufficient evidence supported the District Court's valuation of the parties' real property. Specifically, wife argues that the family home awarded to husband in the distribution was undervalued by the District Court at $40,000.

Both parties employed qualified appraisers to give expert opinions as to the present value of the home. The deposition testimony of both appraisers was introduced as evidence in court. Wife's appraiser valued the home at $56,000 while husband's appraiser valued it at $40,000. The District Court accepted the $40,000 appraisal and explained in its findings that it accepted husband's appraisal because the value was more realistic for a one-bedroom home. Wife argues that there was no justification for the valuation and thus, the District Court abused its discretion.

The District Court's findings of fact must be viewed as a whole. In re the Marriage of Hockaday (Mont. 1989), ____

P.2d ___, 46 St.Rep. 910. The standard of review in a distribution case is that where the District Court based its distribution of marital assets on substantial credible evidence, it will not be overturned absent a clear abuse of discretion. In re the Marriage of Stewart (Mont. 1988), 757 P.2d 765, 767, 45 St.Rep. 850, 852; In re the Marriage Watson (Mont. 1987), 739 P.2d 951, 954, 44 St.Rep. 1167, 1170. We will not reverse the District Court on a property distribution determination without such a showing. See In re the Marriage of LeProwse (1982), 198 Mont. 357, 362, 646 P.2d 526, 529. Moreover, the District Court has far reaching discretionary powers when valuing property for distribution. The valuation need only be reasonable in the light of the evidence submitted. In re Marriage of the Milesnick (Mont. 1988), 765 P.2d 751, 755, 45 St.Rep. 2182, 2187; In re the Marriage of Luisi (Mont. 1988), 756 P.2d 456, 459, 45 St.Rep. 1023, 1026.

In the present case, the District Court predicated its $40,000 valuation on the expert testimony of an appraiser. We held in Milesnick, 765 P.2d at 755, that expert testimony is a reasonable premise for which the District Court may base a valuation. Wife, however, argues that she too presented expert testimony that the home had a value of $56,000 and that there was no rationale given by the court for its $40,000 valuation. However, in Milesnick, 765 P.2d at 755, we stated:

> When confronted with conflicting evidence, the court must use its fact-finding powers to determine which evidence is more credible.. . . Unless there is a clear preponderance of the evidence against the District Court's valuation, its findings, where based on substantial though conflicting evidence, will not be disturbed on appeal.

The District Court's $40,000 valuation of the parties' home was reasonable in light of the testimony presented and the rationale set forth in the District Court's findings. There was no abuse of discretion.

The second issue raised on appeal is whether the District Court adequately determined the parties net worth. Specifically, wife alleges that the determination was improper since the District Court considered wife's $30,000 inheritance as her property in the distribution.

The net worth of a marital estate must be determined prior to division of the estate. In re the Marriage of Shultz (1980), 188 Mont. 363, 365, 613 P.2d 1022, 1024. In determining the net worth, the District Court must make complete findings and include all assets and liabilities. In re the Marriage of Dirnberger (Mont. 1989), 773 P.2d 330, 46 St.Rep. 898.

In this case, the District Court set forth wife's $30,000 inheritance in its findings of fact as a marital asset. In Dirnberger, we held that the District Court was required to take inheritance into consideration when dividing marital assets. In fact, the Court may have erred had it not made such a consideration. In re the Marriage of Alt (1985), 218 Mont. 327, 334, 708 P.2d 258, 262. We hold that the District Court properly considered wife's inheritance when it determined the parties net worth.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

-- 5 --

_John Conway Harrison_

_P. C. McDonough_

_John C. Shelly_

_____

_____
Justices

Mr. Justice L. C. Gulbrandson dissenting.

I respectfully dissent.

The majority sets forth correctly the duty imposed upon a trial judge to determine the net worth of a marital estate prior to entry of a decree dividing said estate. However, the majority has ignored the fact that the net worth was not determined in this case, and there is no adequate basis for this Court to review the property division. Specifically, I am unable to determine if the trial judge correctly characterized wife's $24,000.00 deferred savings plan as a better pension plan than husband's vested pension plan of $247.00 a month upon retirement, where there was no testimony regarding ages of the parties or costs of a comparable annuity.

I would remand for additional net worth findings and reconsideration of the treatment of wife's inheritance, which was found to be wife's sole property, but was treated as marital property for division purposes.

_____
Justice

7