No. 81-43

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

IN RE THE MARRIAGE OF
SUSAN MARIE (HAACK) SLAYTON,

>             Petitioner and Respondent
>             and Cross-Appellant,

-vs-

ROBERT DALON SLAYTON,

>             Respondent and Appellant.

---

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

Counsel of Record:

For Appellant:

Berger, Sinclair & Nelson, Billings, Montana

For Respondent:

Moses Law Firm, Billings, Montana

---

Submitted on Briefs: April 22, 1981

Decided: November 9, 1981

Filed: NOV 9 - 1981

Thomas J. Kearney
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Robert Dalon Slayton (husband) appeals that portion of a 1980 Yellowstone County District Court dissolution decree distributing the marital assets and liabilities and requiring him to pay child support. Susan Marie Slayton (wife) cross-appeals, and claims that the trial court erred by not awarding her maintenance which would allow her to continue her college education.

The parties were married on November 6, 1968, and had two sons, ages five and three. Before their marriage, the wife attended five quarters of college and then completed an airline attendant course. After their marriage, she worked fulltime until their first child was born, and then worked parttime until their second child was born. She then devoted herself to being a fulltime housewife and mother until she and her husband separated in April 1980. After their separation, she accepted temporary employment with the Census Bureau. When that job was terminated, she enrolled as a fulltime accounting student at Eastern Montana College. At the time of trial, she was receiving an education grant of $331 per quarter and had taken out a $2,000 student loan to provide food and babysitters for the children.

At the time of their marriage, the husband was attending an electronics school and then served in the military. At the time of trial, he was employed as an engineering superintendent, receiving a net salary of $1,223 per month, but often receiving nearly $1,500 per month, depending upon the availability of overtime work.

-2-

He also receives approximately $300 per quarter as the recipient of dividends from a stock portfolio trust fund. The trust was established for the duration of his father's life. Upon the death of his father, he will receive 50 percent of the trust corpus. His father is presently 58 and in good health. The wife did not ask to include these trust dividends in the marital estate.

The parties have stipulated that the net value of their marital estate at the time of trial amounted to approximately $31,592. During their marriage, the parties accumulated $63,850 in assets and incurred liabilities of $32,258. The District Court awarded the wife $21,220 of the net estate, consisting of the following assets: one-half the value of the family home ($25,000), one Buick automobile ($600), the household furniture and appliances ($9,000), and consisting of liabilities in the amounts of one-half the mortgage on the family home ($13,250) and miscellaneous debts ($130).

The husband received only $10,372 of the marital estate, consisting of assets in the amounts of one-half of the value of the family home ($25,000), one Jeep automobile ($250), and a boat and trailer ($4,000), and consisting of liabilities in the amounts of one-half the mortgage on the family home ($13,250), and the remainder of the parties' marital debts ($5,367). The trial court expressly found that the husband had agreed to assume these liabilities. In accordance with the parties' wishes, the court ordered that the family home be set aside for the wife and children's use until the wife remarries or the children are emancipated, at which time the home will be sold and the proceeds split equally by the parties. The trial court also required that the husband pay

-3-

$200 per child per month for their support and that he maintain health insurance coverage for the children.

The husband contends that the trial court's order distributing the marital estate was inequitable and done without considering the criteria set forth in section 40-4-202, MCA. In particular, he argues that there is no evidence to support a finding that he agreed to assume the majority of the marital liabilities. On the child support order that he pay $200 a month for each of the two children, he argues that the trial court failed to make findings regarding the needs of the children, as required under section 40-4-204, MCA. In her cross-appeal, the wife argues that the trial court should have ordered the husband to pay her maintenance so that she can complete her college education.

In regard to the husband's claim that the property division was inequitable, we find that merely because the wife received two-thirds of the net marital estate while the husband received only one-third, the division is not inequitable. We have previously affirmed a property division where one spouse has received a lesser proportion of the net marital estate because he has been ordered to assume all marital liabilities. Bailey v. Bailey (1979), ___ Mont. ___, 603 P.2d 259. Here, both spouses were apportioned nearly equal values of the marital assets--the wife receiving approximately $34,600 in value (less the value of the household furnishings in the husband's possession) and the husband receiving approximately $29,250 in value (plus the value of the household furnishings in his possession). Each received half the value of the home and an automobile. The wife, who it was agreed was to retain the family home in which to raise the children, received the majority of the household furnishings and

-4-

appliances, and the husband received the boat and trailer. We find this to be an equitable apportionment of the assets.

We will uphold an unequal apportionment of the marital liabilities where there are good reasons for doing so and where the trial court has clearly identified those reasons. But here, the trial court found, with no evidentiary support that the husband had agreed to assume the great majority of the marital liabilities. It is clear from his affidavit filed pursuant to Rule 32, M.R.Civ.P., and his proposed findings that any agreement to assume these liabilities was conditional upon the trial court's acceptance of the remainder of his findings. The husband proposed that he would assume all the marital liabilities (including the full value of the home mortgage) in exchange for the wife's acceptance of the duty, as custodian, to support the children. Therefore, it was error for the trial court to order the husband to assume these liabilities solely upon the finding that he agreed to assume them. Because there is no other clear indication of the reason the trial court awarded the marital liabilities to the husband, we reverse the property distribution and remand this case to the trial court for further findings.

We also agree with the husband that the trial court, in awarding $200 per month child support for each of the two children, failed to consider the statutory criteria set forth in section 40-4-204, MCA. The record is barren of any evidence to support the trial court's conclusion that $200 would not only sufficiently maintain the children's standard of living, but also allow enough money for the husband to meet his reasonable needs. We therefore also reverse the child support order and remand it to the trial court for further findings.

-5-

As to the wife's cross-appeal contention that she should have been awarded maintenance to allow her to continue her education, the trial court properly found that the husband's financial resources will not allow him to meet that request at this time. However, because we are remanding for further evidentiary proceedings, we leave this issue open so that the trial court may again consider this request in light of possible changed circumstances occurring between the time of the trial court's order and the time that another hearing is held.

The judgment is vacated and this cause is remanded to the District Court for further proceedings.

_Daniel J. Shea_
Justice

We Concur:

_Gene B. Daly_

_John Conway Harrison_

_Fred J. Weber_

_John C. Sheehy_
Justices